JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-08091-RGK (MARx) | Date | November 9, 2022 |
|---|---|---|---|
| Title | JOHNNA MIKE-PRICE, et al v. TOSHIBA LIFESTYLE PRODUCTS AND SERVICES CORPORATION, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Joseph Remigio (not present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On September 13, 2022, Johnna Mike-Price, Durell Mike-Price, and Commander Mike-Price, through his guardian ad litem ("Plaintiffs") filed a products liability action against Toshiba Lifestyle Products and Services Corporation and its affiliates, Midea Group Company and its affiliate, and Home Depot, Inc. (collectively, "Defendants") in state court. The Complaint alleges negligence and strict products liability claims based on injuries suffered by Commander Mike-Price, a six-year old boy, who swallowed a button battery that fell from a remote control for a Toshiba-branded air conditioner. .

On November 4, 2022, Defendants removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

In their complaint, Plaintiffs allege that Commander Mike-Price suffered gastrointestinal injuries, and that he, along with his parents, Johnna and Durell Mike-Price, also suffered emotional distress and trauma. Plaintiffs seek general and special damages, prejudgment and postjudgment interest, and punitive damages. In support of their removal, Defendants argue only that Plaintiffs make very serious personal injury allegations, and that review of settlements involving infants who swallowed inanimate objects reveals resolutions ranging from $85,000 - $387,500 for single-plaintiff cases. Defendants then state that including punitive damages, the amount in controversy exceeds the $75,000

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-08091-RGK (MARx) | Date | November 9, 2022 |
|---|---|---|---|
| Title | *JOHNNA MIKE-PRICE, et al v. TOSHIBA LIFESTYLE PRODUCTS AND SERVICES CORPORATION, et al* | | |

statutory minimum.

     Upon review, the Court finds that Defendants' conclusory assertions are too speculative, and fail to plausibly allege that the amount in controversy exceeds $75,000. Accordingly, the Court is not satisfied that Defendants have satisfied their burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement.

     In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

     **IT IS SO ORDERED.**

cc: LASC, Case No. 22STCV29728

                                                                            :

Initials of Preparer    JRE/v